Stern Hat Co. *v.* United States

No, 5032.—Invoices dated Milan, Italy, January 30, 1931, etc.
Certified February 11, 1931, etc.
Entered.at Cleveland, Ohio, March 3, 1931, etc.
Entry No. 2084, etc.

(Decided on remand (Abstract 41326) October 14, 1940)

*E. D. Howald* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Evans, Judge: The cause before the court in the present case is that of the dutiable value of several importations of fur felt hats from Italy which were entered at the port of Cleveland. The cause is now being retried after a reversal by the United States Court of Customs and Patent Appeals as found in 26 C. C. P. A. (Customs) 410, C. A. D. 48, of the decision of the third division of this court. In the original trial of the case the single judge sustained the appraiser in his finding of United States value (Reap. Dec. 4166), and the third division affirmed the single judge's decision in Reap. Dec. 4321.

In the opinion by Judge Lenroot it was—

*Held* that upon the record presented the judgment of the appellate division of the United States Customs Court, holding the involved merchandise dutiable upon the basis of United States value as defined in section 402 (e), Tariff Act of 1930, and that the values as found by the appraiser constitute the dutiable values thereof, should be and is *reversed* and the cause *remanded* for a reconsideration of all the issues involved. [Italics quoted.]

The opinion further held that—

Only the sale of merchandise imported previous to the dates of exportation of the merchandise being appraised can be resorted to as a basis for arriving at the United States value of such merchandise.

When the case was called for retrial the original record was introduced in evidence by consent of both parties. In addition to that record the importer called a number of witnesses who gave evidence the purpose of which was intended to further clarify some of the questions involved in the decision of the appellate court.

On the incorporated record alone it is clear that the Government's contention for United States value cannot be sustained, it having been found by the Court of Customs and Patent Appeals that the record failed to establish United States value because of the fact that the appraiser had used as his basis for determining United States value sales of other than imported merchandise or of merchandise imported after the dates of exportation of the merchandise in issue.

I must therefore examine the record as last made to determine the effect of the new testimony.

On the question of whether there is a foreign or export value for the instant merchandise it is observed that the report of the Treasury attaché, collective exhibit 2, states that—

As the manufacturer sells neither the identical or similar merchandise in the home market, the following information is submitted to the appraiser in connection with estimates of the costs of manufacturing a typical hat  *  *  *.

This exhibit contains an affidavit of a commission merchant in Milan, Italy, who was the buying agent of the importer, and he swears that to his knowledge neither identical nor similar hats were sold in Italy. There was no export value according to the same report because of the fact that the Stern Hat Co., the importer, had the exclusive rights of sale of such hats in the United States, and similar hats were not sold in Italy for export to the United States. Furthermore, the affidavits that constitute collective exhibit 1 in the present case state:

Deponent further says that he is familiar with the kind of men's hats which are and were freely offered for sale in wholesale quantities in Italy and also as sold for export to the United States, and that such hats as those invoiced and described on said Milan Consular Invoice No. [e. g.] 607 were not freely offered for sale in wholesale quantities in Italy nor were they freely offered for sale for export to the United States on or about [e. g.] February 14, 1931.

and of course the appraiser must have concluded that there was no foreign or export value; otherwise he would not have resorted to a finding of United States value.

I therefore conclude that there was no foreign or export value for the instant merchandise on the respective dates of exportation, and proceed to a consideration of the question as to whether there existed on those dates a United States value therefor.

From the record it appears that each order sent abroad for the hats in question contained specifications as to color, bands, trimmings, etc., applying only to that order, so that in fact there was no "such" merchandise, within the tariff sense, upon which United States value might be based. Inquiry must therefore be made as to whether a United States value for similar hats existed.

So far as the record discloses the only similar merchandise to that in question consists of hats exported from Italy by the manufacturer to the plaintiff on various dates, a tabulation of which is shown in exhibit 3. However, all of that merchandise, as pointed out by the Court of Customs and Patent Appeals in its opinion herein, was sold in the United States before it was imported so that the sales thereof cannot be taken as the basis of sales of "similar imported merchandise" within the meaning of section 402 (e) defining United States value.

When the case was before me for retrial plaintiff established by the testimony of the secretary of the importing company that these hats were not freely offered for sale in the United States, but that they were sold only to their exclusive representatives or agents in the various cities where the hats were offered to the public; that there was no fixed price for such hats; that it was the rule of his firm to meet competition when necessary by sale in one locality at a less price than might be procured in another locality, and finally that none of the hats imported from the manufacturer were sold or offered for sale *after* importation, but that all of them were sold on orders that had been accepted and which had become irrevocable before exportation of the hats from Italy.

Further, as going to the correctness of the appraisement, the importer called its accountant, who testified that the item of profit used by the Government in its calculation of United States value, and which the appraiser had taken from the importer's records, did not represent the profit made solely on Italian hats but represented the combined profits of the importer's business which included profits from the sale of French hats and raincoats.

The present appraiser at the port of Cleveland, who was an examiner of merchandise at the time the original appraisements herein were made, testified that he was familiar with all the facts of the appraisements by reason of the fact that he assisted the then appraiser in making the appraisements; that the appraiser secured from the Stern Hat Co. the prices at which the various hats *under appraisement* had been sold and that such prices were used as the selling prices upon the basis of which the appraisements were made.

The Government attempted to procure testimony from Mr. Stern as to the similarity between the hats imported and those covered by the incorporated record in the case of reappraisement 105101–A (Reap. Decs. 3459 and 3631), but that the testimony was far from satisfactory.

The argument is made by the Government that the decision of the Court of Customs and Patent Appeals in the instant case is in conflict with the decision of that court in *United States* v. *Massce & Co. et al.*, 21 C. C. P. A. (Customs) 54, T. D. 46379, and that the law as laid down in the last-named case should govern. The argument may be an appropriate one to make to the Court of Customs and Patent Appeals, but we are bound by the last expression of that court in case of any conflict.

From the testimony adduced on the retrial of the issue before me, and in view of the ruling laid down by the appellate court herein, I am satisfied that the plaintiff has affirmatively established the absence of United States value for merchandise such as or similar to that here in issue, and I so conclude. There being neither a foreign, export,

nor United States value for the merchandise, resort must be had to the cost of production as defined in section 402 (f) of the act, as a basis of value.

With reference to costs of production plaintiff has introduced in evidence as collective exhibit 1 fourteen affidavits of one Basilio Barbisio, sworn to before a notary public in Italy. In each affidavit the affiant states that he is president of the company which manufactured the hats in issue; that—

—it is part of his duties to know all of the details of said business and that he has personal knowledge of all costs, expenses, charges and profits incident to the conduct of said business;

and, referring to each consular invoice here involved, he sets forth the actual costs of materials and of labor which entered into the manufacture of each hat, identifying them by item numbers. He further states that the usual general expenses incident to the manufacture of such hats were 30 per centum of such costs; that the cost of cases and packing, "including all expenses incident to placing all of said invoiced merchandise in condition, packed ready for shipment to the United States," was as set forth on each invoice, and that the usual profit ordinarily added by manufacturers of hats of the same class or kind in Italy was 25 per centum.

These affidavits stand uncontradicted, and I hold that, so far as they go, they are sufficient to establish the cost of production of the items therein enumerated. Close examination reveals, however, that proof as to the following items was omitted from such affidavits:

| Reappraisement No. | Consular Invoice No. | Item No. |
|---|---|---|
| 104216–A | 607 | 0799 |
| 105089–A | 109 | 0747 |
| " | " | 0754 |
| 105097–A | 3762 | 0700 |
| 105103–A | 807 | 0947 |

and that no affidavit was submitted with reference to any of the items covered by consular invoice 3438, reappraisement 105096–A. Although the appraiser's finding of United States value has been held to be erroneous, nevertheless there is a failure on the part of the plaintiff to meet the burden of establishing the cost of production of the foregoing items. In such circumstances, the appeals must be dismissed as to such items.

As to each of the items enumerated in schedule A, attached to and made a part of this decision, the cost of production has been satisfactorily established, and I find such cost of production as defined in section 402 (f) of the Tariff Act of 1930 to have been as therein set

forth, plus packing as invoiced. It is noted that in some instances a given item number appears twice in one invoice, in one case the value being advanced by the appraiser, and in the other the value being passed as entered. The values found by me apply only to the items advanced by the appraiser.

Judgment will issue accordingly.